**PROHASKA et al. v. ST. PAUL FIRE & MARINE INS. CO.**

(Circuit Court of Appeals, Fifth Circuit. February 9, 1921.)

No. 3618.

1. **Insurance ⬳404—Loss of vessel on shipways from giving way of fastenings of crib held not within risks insured against.**

Where, after a vessel had been placed on shipways for repairs and planks had been removed, the fastenings holding the crib supporting the boat gave way, and the crib slid into the river, permitting the vessel to sink, the loss was not covered by a policy insuring against unavoidable dangers of rivers, etc., as the giving way of the fastenings was the cause of the loss.

2. **Words and phrases—"Proximate cause" defined.**

The "proximate cause" is the efficient cause, or the one that necessarily sets the other cause or causes in operation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Mrs. Addie Prohaska and others against the St. Paul Fire & Marine Insurance Company. From a decree for defendant (265 Fed. 430), plaintiffs appeal. Affirmed.

John D. Grace, of New Orleans, La. (M. A. Grace, of New Orleans, La., on the brief), for appellants.

George H. Terriberry, of New Orleans, La. (Terriberry, Rice & Young, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree sustaining an exception to a libel on a marine insurance policy upon the steamboat Helen Lane, on the ground that it failed to state a cause of action, and dismissing the libel. The risks assumed by the policy sued on were:

"The unavoidable dangers of rivers, or fires, and of jettisons, that shall cause loss or damage to said vessel or any part thereof, excepting," etc.

It is not necessary to set out the enumerated exceptions, as it is not claimed that the alleged loss was attributable to any excepted marine peril. The libel contained allegations to the following effect: Some time after the Helen Lane had been placed on shipways at Berwick, La., to receive needed repairs, and after a number of planks forming part of her hull had been removed, the fastenings holding the crib which supported the boat gave way, the crib with the boat on it slid down the ways into the river, the water rushed in through the hole made in the hull by the removal of the planks, with the result that the boat sank to the bottom, and became a total loss.

[1, 2] In our opinion the loss of the boat is to be attributed, not to any risk or peril insured against, but to the breaking or giving way of the means used to keep it in the proper place while it was undergoing repairs. Though the entry of water operated more immediately in producing the disaster, the loss is to be attributed, not to that cause, but to the one which set it in motion. The proximate cause is the efficient cause; the one that necessarily sets the other cause or causes in operation. Ætna Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395; The G. R. Booth, 171 U. S. 450, 460, 19 Sup. Ct. 9, 43 L. Ed. 234. The last-cited case involved an explosion of detonators, forming part of a ship's cargo, which burst open the side of the ship below the water line, and the sea water rapidly flowed in through the opening made by the explosion, and injured another part of the cargo. It was decided that the explosion, not the inflow of sea water, was the predominant cause to which the damage complained of was to be attributed, and that the damage was not caused by a peril of the sea.

That decision is not deprived of controlling effect in this case by the circumstance that the instrument before the court in that case was a bill of lading providing that the carrier "shall not be liable for loss or damage caused by the perils of the sea." Where the question presented is that of determining to what cause a loss or injury is to be attribut-

ed, the circumstance that the question arises in a suit on an insurance policy does not have the effect of making the above stated rule inapplicable. The first above cited case, in which the rule was stated and applied, was a suit on a fire insurance policy.

It was not claimed that the policy sued on insured the sufficiency of the fastenings used by the repairer of the boat to keep in place the crib which supported it, or that the appellee was liable for a loss attributable to the giving way of those fastenings.

The decree is affirmed.